# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA HACKETT,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SEGERBLOM, aka "TICK" SEGERBLOM,<br><br>Defendant. | 2:06-CV-1081 JCM (GWF)<br><br>Date:   **N/A**<br>Time:   **N/A** |

## ORDER

Presently before the court is defendant Richard Segerblom's motion to dismiss plaintiff's second cause of action (#6), filed October 17, 2006. Plaintiff Andrea Hackett filed an opposition (#7) on November 3, 2006 and defendant filed a reply (#11) on November 17, 2006.

Plaintiff has sued Mr. Segerblom for attorney malpractice based on alleged mishandling of Ms. Hackett's wrongful termination claim against Stratus Services. Plaintiff's second cause of action for declaratory judgment requests that the court, "enter a declaratory judgment finding that Ms. Hackett's claim against Stratus was worth $641,600, as Mr. Segerblom alleged in his filing with this Court." Complaint at ¶ 22, *Hackett v. Segerblom*, 2:06-cv-01081-JCM-GWF (D. Nev. 2006)(#1). Further the complaint requests that, "this court also enter a declaratory judgment finding that Ms. Hackett has been damaged in the amount of $641,600 due to Mr. Segerblom's failure to file the Stratus complaint in a timely manner with this Court." Complaint at ¶ 23, *Hackett v. Segerblom*,

**James C. Mahan**
**U.S. District Judge**

1  2:06-cv-01081-JCM-GWF (D. Nev. 2006)(#1).

2  In *Faria v. M/V Louise*, 945 F.2d 1142 (9th Cir. 1991), Faria argued that a plaintiff merely has to state a claim for damages and then is entitled to prevail unless the defendant proves that the claim is clearly erroneous. The Ninth Circuit held that this argument, "turns on its head one of the most basic propositions in law-that the plaintiff bears the burden of proving his case, including the amount of damages." *Id.* citing *Webb v. Utah Tour Brokers Ass'n*, 568 F.2d 670 (10th Cir. 1977) (holding that the plaintiff has failed to provide evidence supporting the claimed amount of damages and noting that "[t]he court is not justified in rendering a judgment based on possibility or speculation.").

In this case the plaintiff has not presented any evidence to prove the claim of malpractice or the value of the claim if such evidence was ultimately presented to the court. Based on the decision in *Faria,* the plaintiff has not met its burden of proving either the claims alleged or the amount of damages. It would be improper for the court to grant declaratory judgement without sufficient evidence on the record.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED defendant Richard Segerblom's motion to dismiss plaintiff's second cause of action (#6), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the hearing on defendant Richard Segerblom's motion to dismiss plaintiff's second cause of action (#6) presently set for Friday, December 29, 2006, at 10:00 p.m. be VACATED.

DATED this 21st day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**