# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREA HACKETT,

    Plaintiff

vs.

RICHARD SEGERBLOM, ESQ.,

    Defendant.

Case No. 2:06-cv-01081-JCM-GWF

**ORDER**

**(Motion for Sanctions - #48)**

This matter is before the Court on Defendant's Motion for Sanctions (#48), filed on June 12, 2007; Plaintiff's Opposition to Defendant's Motion (#48) for Sanctions (#59), filed June 29, 2007; and Defendant's Reply in Support of Defendant's Motion for Sanctions (#61), filed July 13, 2007. The Court conducted a hearing on July 24, 2007.

## BACKGROUND

Defendant took Plaintiff's deposition on May 4, 2007. During the deposition, Defendant's counsel asked Plaintiff whether she has been known by other names, what her social security number is and her prior employment history dating back to 1996, or the means by which she earned income since that time. Plaintiff's counsel objected to these questions on grounds of relevancy and instructed the Plaintiff not to answer the questions. Defendant's counsel also asked Plaintiff when she first contacted an attorney about pursuing a claim against the Defendant. Plaintiff's counsel objected to this question on attorney-client privilege grounds and also instructed Plaintiff not to answer the question.

Defendant also accuses Plaintiff's counsel of coaching the Plaintiff during the deposition. In

1   this regard, Plaintiff initially responded to a question whether she still had EEOC investigation records
2   in her possession by stating that she should have them because she usually keeps important records.
3   Plaintiff's counsel then advised her by stating "But Andrea, you don't know for sure yes or no whether
4   you possess them or not?"  Plaintiff then stated that she did not know for sure if she had such records.
5   *Defendant's Motion* (#48), Exhibit "B", deposition transcript page 19.
6          After Defendant's counsel asked a series of questions regarding Plaintiff's prior employment or
7   how she earned a living, dating back 10-11 years, Plaintiff's counsel terminated the deposition.  The
8   transcript shows in this regard as follow:

>    Q.  So from 1996 forward - - let's just start that way and go chronologically.  How did you obtain money to live on?
>
>    Ms. DiEdoardo: Objection, counsel.  Relevancy.
>
>    Andrea, do not answer.
>
>    And furthermore, if counsel continues this line of questioning, we are terminating the deposition.
>
>    Mr. Reinmiller:  Are you instructing your client not to answer?
>
>    Ms. DiEdoardo:   I've already done so, counsel.
>
>    By Mr. Reinmiller:
>
>    Q.  Are you refusing to answer - -
>
>    A.  Yes, I am.
>
>    Q.  - - Based on your client - - based on your attorney's recommendation?
>
>    A.  Yes.  Based on my attorney's recommendation, I refuse to answer that question.
>
>    Q.  In 1997 how did you receive money to work?  I mean to live?
>
>    Ms. DiEdoardo: Counsel, we're done.
>
>    Let the record reflect that due to counsel's continual asking of irrelevant questions which we've already stated we're not going to answer, we're hereby terminating this deposition at approximately 11 - - 10:55 in the morning.

27   *Defendant's Motion* (#48), Exhibit "B", deposition transcript pages 45-46.
28          Having unilaterally terminated the deposition, Plaintiff's counsel did not file a motion for

protective order regarding what she apparently perceived to be irrelevant, burdensome and harassing questioning of her client.

## DISCUSSION

Under Fed.R.Civ.Pro. 26(b), a party may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. In this legal malpractice action, Plaintiff seeks to recover damages from Defendant based on his alleged failure to timely file a Title VII employment discrimination action. As part of her claim against Defendant, Plaintiff must prove the injury and damages she suffered as a proximate result of Defendant's alleged malpractice, which in this case includes the damages she would have reasonably recovered in the underlying Title VII action, including damages for the alleged economic loss she sustained. Defendant is, of course, entitled to conduct discovery regarding Plaintiff's alleged damages in the underlying claim on which her legal malpractice recovery is predicated. In this regard, inquiry into Plaintiff's prior employment history is relevant to assessing whether Plaintiff reasonably mitigated her economic loss by seeking or obtaining other employment for which she was suited after the underlying defendant-employer terminated her. Plaintiff is apparently sensitive to questions regarding other names by which she had been known or requests to provide her social security because of her private or personal status and the possibility that this information could be disclosed to persons outside this litigation. Such concerns can be addressed, however, through the request for an appropriate protective order that precludes dissemination of such information to persons having no basis for receiving such information in relation to this litigation.

Fed.R.Civ.Pro. 30(d)(1) provides that a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Rule 30(d)(4) provides that if a party believes that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the deponent or party, the deponent or party may apply to the court for a protective order under Rule 26(c) and may suspend the deposition for the time necessary to make a motion for protective order. In this case, Plaintiff's counsel primarily instructed the Plaintiff not to answer questions on grounds of

relevancy. The one question that she objected to on grounds of privilege was the inquiry regarding when she first contacted an attorney regarding the claim against the Defendant. The question did not invade the attorney-client privilege, however, because it did not inquire into confidential communications between Plaintiff and her attorney. The Court also finds that Defendant's inquiry into Plaintiff's prior employment history, whether she has been known by other names and her social security number were not irrelevant because Plaintiff's employment history is relevant to her economic loss claims in this case and may lead to the discovery of admissible evidence. Additionally, obtaining information regarding other names by which Plaintiff has been known or her social security number is relevant to obtaining relevant records relating to her previous employment.

Based on its review of the deposition transcript, the Court also finds that the manner of the deposition examination of Plaintiff does not indicate that it was conducted in bad faith or to unreasonably annoy, embarrass or oppress the Plaintiff. The questions did not inquire into matters that were so clearly beyond the scope of relevant information that Plaintiff's counsel had good cause to instruct the Plaintiff not to answer the questions. Of course, nothing precluded Plaintiff's counsel from asserting relevancy objections to the questions, to which the Plaintiff was then required to provide responses. Furthermore, to the extent that Plaintiff's counsel believed in good faith, albeit mistakenly, that Defendant should not be entitled to inquire into the foregoing matters, Plaintiff's conduct in terminating the deposition and not then moving for timely court relief, did not comport with the Federal Rules of Civil Procedure. After terminating the deposition, Plaintiff's counsel did not move for a protective order under Rule 30(d)(4) even though Defendant's counsel notified her in writing that it was her responsibility to seek relief under the rule. Plaintiff arguably took the position that she was not required to again appear for her deposition. Plaintiff's conduct in this regard has unreasonably delayed resolution of the deposition dispute and the conduct of discovery in this case.

The Court also finds that the one instance cited by Defendant in his motion probably did constitute an attempt by Plaintiff's counsel to improperly coach Plaintiff in regard to her answer whether she had relevant records in her possession. The question and answer did not, however, involve a substantive matter regarding Plaintiff's claim and this "coaching" was therefore not particularly egregious. The Court will, however, caution Plaintiff's counsel not to coach the Plaintiff or any other

1  witness in giving answers to the opposing counsel's questions.  If Plaintiff's counsel believes that the
2  witness had made a misstatement, she can, of course, attempt to correct the record through appropriate
3  follow-up questioning of the witness when it is her turn to examine.
4      Defendant's Motion (#48) seeks case dispositive sanctions against Plaintiff based on Rule
5  37(d)(1) and Rule 37(b)(2) for failing to appear for her deposition.  Plaintiff argues, however, that Rule
6  37(d)(1) sanctions are unavailable because Plaintiff did not fail to appear and did, in fact, answer some
7  questions.  Plaintiff does not dispute, however, that she terminated the deposition.  The Ninth Circuit
8  has strictly construed Rule 37(d)(1) to require that the party literally fail to show up for her deposition
9  in order for sanctions under that subsection to apply.  *Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995).
10  Defendant argues that Rule 37(d)(1) applies in this case, however, because the Court previously ordered
11  Plaintiff to appear for deposition as a result of a scheduling dispute between the parties regarding the
12  scheduling of Plaintiff's and Defendant's depositions.  This, however, does not warrant sanctions under
13  Rule 37(d)(1) where the party actually appeared as directed by the court.  The appropriate remedy for
14  such conduct, if any, would be under Rule 37(b)(1) for failure to answer a question after being directed
15  to do so by the court.  The Court's previous order, however, did not address the scope of the deposition
16  or the issues of relevancy of the questions that arose during the deposition.  The Court, therefore, also
17  finds that Plaintiff did not violate Rule 37(b)(1).  Additionally, even if sanctions were available under
18  Rule 37(b)(2), the Court does not find that Plaintiff's conduct has yet reached the point at which the
19  Court should appropriately order the case dispositive sanction of dismissing Plaintiff's action under the
20  factors outlined in *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).
21      The Court will therefore treat Defendant's Motion for Sanctions (#48) as a motion to compel
22  under Rule 37(a)(2)(B) for the failure of the Plaintiff to answer proper questions during her deposition.
23  Under Rule 37(a)(4), the Court is authorized to award Defendant his attorney's fees and costs in
24  connection with a successful  motion to compel a deponent to answer questions.  The Court also has the
25  inherent power to sanction a party for abusive discovery conduct, such as occurred here, where a party
26  improperly terminates her deposition, fails to seek relief under Rule 30(d)(4) and unreasonably delays
27  the discovery process.  *See Leon v. IDX Systems*, 464 F.3d 951 (9th Cir. 2006).  Again, however, the
28  Court does not find that Plaintiff's conduct rises to the level that dispositive sanctions would be

1  appropriate. Plaintiff's counsel is cautioned that continued unreasonable obstruction of the discovery
2  process may result in the imposition of more severe sanctions which could include a recommendation
3  that the Plaintiff's complaint be stricken.
4        Finally, Plaintiff requests that her rescheduled deposition take place on a Saturday due to the
5  inconvenience and loss of pay she may suffer by taking time off from work during a week day to attend
6  her deposition. Litigation is inconvenient to parties and witnesses, generally. Plaintiff has not
7  demonstrated that she suffers any exceptional degree of inconvenience to justify the Court in ordering
8  her deposition to be taken on a Saturday as opposed to a normal workday. Good cause has also not
9  been shown to require other depositions to be taken on a Saturday so that Plaintiff may more
10 conveniently attend them. Plaintiff's counsel's conduct during the previous deposition also does not
11 warrant the Court in providing any special consideration to Plaintiff in retaking her deposition. Finally,
12 given the problems previously encountered during deposition, applications for prompt consultation with
13 the Court may be required which can only be done during normal business hours, Monday through
14 Friday. Plaintiff's request will therefore be denied. Accordingly,
15       **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (#48) is **granted**, in part,
16 and **denied,** in part as follows:
17       1.    Plaintiff is again ordered to appear on or before **August 16, 2007** for her deposition in
18 this case. The Court further orders that the deposition be taken during a regular work day, Monday
19 through Friday. Other depositions, likewise, should be scheduled during regular working hours,
20 Monday through Friday, unless the parties otherwise agree.
21       2.    Plaintiff is required to answer questions during her deposition regarding other names by
22 which she has been known, provide her social security number to Defendant, which may not be
23 disclosed to third parties except as reasonably necessary to obtain properly subpoenaed employment or
24 other records, and to answer questions relating to her previous employment or means by which she
25 earned a livelihood dating back to 1997. Plaintiff should also answer the question regarding when she
26 first contacted an attorney in regard to her claim against Defendant, but she is not required to disclose
27 confidential attorney-client communications if asked. This order is not intended to otherwise limit the
28 scope of relevant questioning. The Court will take a dim view of any further improper instructions to

the witness not to answer relevant and proper questions. If Plaintiff's counsel is in doubt regarding the propriety of a question, she should request a telephone conference with the Court during the deposition. Additionally, Plaintiff's counsel is directed to avoid improper coaching of Plaintiff during her deposition. This admonition is, of course, applicable to both parties and to all depositions.

**IT IS FURTHER ORDERED,** pursuant to Rule 37(a)(4), that Defendant recover its reasonable attorney's fees and costs incurred in filing its motion. The Court will grant an award of a reasonable attorney's fees and costs as it relates to the reasonable time and expense that Defendant incurred in obtaining an order that Plaintiff be required to again attend her deposition and answer appropriate questions.

1. Counsel for Defendant shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Plaintiff shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Counsel for Defendant shall have 11 days from service of the responsive memorandum in which to file a reply.

DATED this 2nd day of August, 2007.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge